# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-494V
Filed: January 16, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| EVELYN NEWEY, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Alison Haskins, Esq.*, Siri & Glimstad, LLP, Aventura, FL, for petitioner.
*Parisa Tabassian, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 4, 2022, Evelyn Newey ("Ms. Newey" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner filed an amended petition on November 3, 2023, alleging that she developed tinnitus after receiving a Prevnar-13 vaccination on June 12, 2019. *See* Amended Petition ("Am. Pet."), ECF No. 43. Petitioner now seeks an award of interim attorneys' fees and costs. After careful consideration, petitioner's Motion for Interim Attorneys' Fees is **GRANTED in part** for the reasons set forth below.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

## I.    Procedural History

Petitioner filed her petition on May 4, 2022. ECF No. 1. For the following several months while in Pre-Assignment Review ("PAR"), she filed her medical records. Petitioner's Exhibit ("Pet. Ex.") 1-9, ECF Nos. 6-24.

The case was assigned to the undersigned on June 15, 2023. ECF Nos. 28-29. Petitioner filed additional medical records on June 26 and August 17, 2023. Pet. Ex. 10-11, ECF Nos. 32-33. On September 13, 2023, respondent filed a status report identifying medical records that appeared outstanding and stating that the statutory severity requirement did not appear to be satisfied. ECF No. 34. Petitioner was then ordered to file the requested records and any evidence in support of the severity requirement. ECF No. 35.

Petitioner continued to file further medical records and other evidence. Pet. Ex. 12-17, ECF Nos. 36-49. On February 19, 2024, petitioner filed a status report confirming that all records requested had been filed. ECF No. 50. After confirming he was satisfied the records were complete, respondent was ordered to file his Rule 4(c) Report, which he filed on May 13, 2024. ECF No. 54.

Petitioner filed additional medical records then an expert report and supporting medical literature on November 11, 2024. Pet. Ex. 21-38, ECF Nos. 55-60.

On January 1, 2025, petitioner's then-counsel, Mr. Andrew Downing, filed the instant motion for interim attorneys' fees and costs. Motion for Interim Fees, ECF No. 61. The next day, he filed a supplement to the motion that included the detailed invoice of petitioner's expert witness. Supplement, ECF No. 62.

On January 3, 2025, respondent filed his response to the motion, deferring to the undersigned on whether the requirements for interim fees were satisfied and, if so, to determine a reasonable award for interim fees and costs. Response, ECF No. 63. Petitioner did not file a reply.

This matter is now ripe for determination.

## II.    Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y*

2

of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III.  Discussion

#### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for nearly three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Of note, the fees requested are on behalf of petitioner's prior counsel, Mr. Downing, who substituted out as counsel in this case because he has been vetted for a Presidential appointment within the Department of Health and Human Services and, as such, can no longer continue representing petitioner in the Vaccine Program. Motion for Interim Fees at 2. Though this case is in its early

3

stages with expert reports still being filed, given the unique circumstances presented, an award of interim fees and costs is warranted.

### B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

The attorneys at prior counsel's firm have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899 at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Simpson v. Sec'y of Health & Human Servs.*, No. 20-1124V, 2022 WL 16545527 at *1 (Fed. Cl. Spec. Mstr. Sept. 27, 2022). Petitioner requests fees in various rates of compensation for the attorneys and paralegals who worked on her case. The rates requested are as follows:

| Name | 2022 | 2023 | 2024 |
|---|---|---|---|
| **Mr. Downing** | $415-$445 | $445 | $485 |
| **Ms. Allison** | $415 | $415 | $435 |
| **Ms. Jorgenson (formerly Van Cott)** | $325-$345 | $345 | $375 |
| **Paralegals** | $135-$155 | $155 | $175 |

*See* Motion for Interim Fees at 14, 54-59.

The majority of the requested rates have been awarded by prior Special Masters in previous decisions. *See Franceschi v. Sec'y of Health & Human Servs.*, No. 21-0468V, 2023 WL 4270835,

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); *Sewell v. Sec'y of Health & Human Servs.*, No. 19-1486V, 2023 WL 5054778, at *2 (Fed. Cl. Spec. Mstr. July 12, 2023); *Madigan v. Sec'y of Health & Human Servs.*, No. 14-1187V, 2023 WL 3778884, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Perekotiy on behalf of S.K. v. Sec'y of Health & Human Servs.*, No. 16-997V, 2020 WL 6395509, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 29, 2020).

However, some of the requested 2022 rates require adjustment as they are higher than what counsel and staff have previously been awarded for the year 2022. "The Vaccine Program typically does not award counsel increased hourly rates mid-year, especially when counsel had previously increased their hourly rate for the year and billed time at that rate, and other special masters have declined to award this mid-year increase." *See, e.g.*, *Pryor v. Sec'y of Health & Human Servs.*, No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022).

For work performed in 2022, the Court has awarded hourly rates of $415 for Mr. Downing, $325 for Ms. Jorgenson (Van Cott), and $135 for paralegals. *See Franceschi*, No. 21-0468V, 2023 WL 4270835, at *2; *Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Thoma v. Sec'y of Health & Human Servs.*, No. 19-1848V, 2022 WL 10493481, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2022); *Bostic v. Sec'y of Health & Human Servs.*, No. 22-1118V, 2023 WL 4486158, at *5 (Fed. Cl. Spec. Mstr. June 15, 2023). The 2022 hourly rates for Mr. Downing and paralegals[4] are accordingly reduced to correspond with what they have previously been awarded. This results in a total **reduction of $139.00**.[5] No other reductions are warranted.

### C. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No.

---

[4] Though counsel included the higher 2022 rate ($345) for Ms. Jorgenson (Van Cott) in the body of the motion, the billing record shows that she did not bill at this rate during 2022. *See* Motion for Interim Fees at 14, 17-19. As such, a reduction related to Ms. Jorgenson's rate is not necessary.

[5] This number was reached by first adding the hours each person billed in 2022 at the increased rate. The Motion for Interim Fees shows that Mr. Downing billed at the increased rate for a total of 1.9 hours in 2022, and paralegals billed at the increased rate for 4.1 hours in 2022. I then multiplied the hours billed by both the awarded hourly rate and the increased hourly rate requested in the current Motion; the difference between the two totals reflects the amount reduced. *See* Motion for Interim Fees at 17-19.

08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$46,745.00.**

### D. Reasonable Costs

Petitioner requests a total of $14,258.53 in costs. Motion for Interim Fees at 35, 58. The requested costs consist of securing medical records, postage, and costs associated with petitioner's expert Dr. Sarah Rapoport. *Id*.

Petitioner requests $11,125.00 on behalf of Dr. Rapoport. This total represents 27.25 hours of work at rate of $500 minus her $2,500.00 retainer fee. Supplement at 3. Dr. Rapoport is a board-certified otolaryngologist and has filed one detailed expert report in this case. Motion for Interim Fees at 15; Pet. Ex. 22. While it appears that this is Dr. Rapoport's first case in the Vaccine Program, the rate is in line with what has been awarded to other experts in her field. *See Madigan v. Sec'y of Health & Human Servs.*, No. 14-1187V, 2021 WL 1626621 (Fed. Cl. Spec. Mstr. Apr. 1, 2021) (awarding an hourly rate of $500 for an expert in otolaryngology). The number of hours expended seems high considering only one report has been filed thus far, but I find the overall request to be reasonable.[6] Additionally, retainer fees for experts are regularly awarded in the

---

[6] Because this is Dr. Rapoport's first case in the Program, some leniency is afforded. However, Dr. Rapoport is cautioned to refrain from block billing because it will not be accepted in the future. Block billing makes it impossible to determine the reasonableness of the time spent on a certain task. Like attorneys' billing, expert invoices must describe with some degree of specificity the work that is being done in order to justify the hours billed. Simply billing "Medical Records Review, Report Writing" for a block of hours for nearly all hours spent on this case is inappropriate and does not satisfy the requirements of the Program. *See* Supplement at 3; *See, e.g., Greenhaw v. Sec'y of Health & Human Servs.*, No. 21-2032V, 2024 WL 4044101, *1, 4 (Fed. Cl. Spec. Mstr. June 18, 2024). To that end, attorneys must ensure that the invoices

Program. *See, e.g., Lopez v. Sec'y of Health & Human Servs.*, No. 18-1405V, 2020 WL 7022385, at *2 (Fed. Cl. Spec. Mstr. Nov. 3, 2020) (awarding a $3,500.00 retainer to petitioner's expert). Accordingly, costs associated with Dr. Rapoport are awarded in full.

The remaining costs requested by petitioner are typical in the Vaccine Program, petitioner has provided adequate documentation to support all her requested costs, and they appear reasonable in the undersigned's experience. As such, petitioner is awarded **$14,258.53** in costs.

### IV.    Total Award Summary

Based on the foregoing, petitioners' Motion for Interim Attorneys' Fees and Costs is **GRANTED in part**. Accordingly, I award **$61,003.53,** representing $46,745.00 in attorneys' fees and $14,258.53 in attorneys' costs, to be paid through an ACH deposit to petitioner's former counsel Mr. Andrew Downing's IOLTA account for prompt disbursement. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

they submit on behalf of their experts are sufficient and meet the Program requirements in order to be reimbursed for the costs associated with their experts.