# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-494V
Filed: December 3, 2025

```
* * * * * * * * * * * * *
EVELYN NEWEY,                    *
                                 *
            Petitioner,          *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * *
```

*Alison Haskins, Esq.*, Siri & Glimstad, LLP, Aventura, FL, for petitioner.
*Parisa Tabassian, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 4, 2022, Evelyn Newey ("Ms. Newey" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner filed an amended petition on November 3, 2023, alleging that she developed tinnitus after receiving a Prevnar-13 vaccination on June 12, 2019. *See* Amended Petition ("Am. Pet."), ECF No. 43.

Petitioner now seeks a second award of interim attorneys' fees and costs requesting a total of $27,942.50, representing $20,917.50 in attorneys' fees and $7,025.00 in costs. After careful

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

consideration, petitioner's Motion for Interim Attorneys' Fees is **GRANTED** for the reasons set forth below.

## I.   Procedural History

Petitioner filed her petition on May 4, 2022. ECF No. 1. For the following several months while in Pre-Assignment Review ("PAR"), she filed her medical records. Petitioner's Exhibit ("Pet. Ex.") 1-9, ECF Nos. 6-24.

The case was assigned to the undersigned on June 15, 2023. ECF Nos. 28-29. Petitioner filed additional medical records on June 26 and August 17, 2023. Pet. Ex. 10-11, ECF Nos. 32-33. On September 13, 2023, respondent filed a status report identifying medical records that appeared outstanding and stating that the statutory severity requirement did not appear to be satisfied. ECF No. 34. Petitioner was then ordered to file the requested records and any evidence in support of the severity requirement. ECF No. 35.

Petitioner continued to file further medical records and other evidence. Pet. Ex. 12-17, ECF Nos. 36-49. On February 19, 2024, petitioner filed a status report confirming that all records requested had been filed. ECF No. 50. After confirming he was satisfied the records were complete, respondent was ordered to file his Rule 4(c) Report, which he filed on May 13, 2024. ECF No. 54.

Petitioner filed additional medical records then an expert report and supporting medical literature on November 11, 2024. Pet. Ex. 21-38, ECF Nos. 55-60.

On January 1, 2025, petitioner's former-counsel, Mr. Andrew Downing, filed the first motion for interim attorneys' fees and costs. ECF No. 61. On January 16, 2025, petitioner's motion was granted in part. ECF No. 66.

The parties exchanged additional expert reports then requested a Rule 5 Conference. ECF Nos. 75-76, 78-79. The Rule 5 Conference was held on October 17, 2025. A lengthy Order issued thereafter, detailing petitioner's medical records and specifically including that petitioner has yet to file preponderant evidence to satisfy the six-month severity requirement. *See generally* ECF No. 80.

On November 12, 2025, petitioner filed a second motion for interim attorneys' fees and costs. Motion for Interim Fees, ECF No. 81. The same day, counsel filed a motion to withdraw as counsel, stating that petitioner and counsel have "irreconcilable differences pertaining to case strategy which has led to deterioration of the attorney-client relationship." ECF No. 82.

On November 14, 2025, respondent filed his response to the second motion for interim fees, deferring to the undersigned on whether the requirements for interim fees were satisfied and,

if so, to determine a reasonable award for interim fees and costs. Response, ECF No. 83. Petitioner did not file a reply.

This matter is now ripe for determination.

## II.     Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III.    Discussion

### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making

3

this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances, interim fees are warranted. Though petitioner was recently awarded interim fees, that request was on behalf of prior counsel, whereas this request is on behalf of petitioner's attorney who assumed responsibility for the case after prior counsel's withdrawal. In light of counsel's pending motion to withdraw, I find it appropriate to award petitioner attorneys' fees and costs on behalf of Ms. Haskins and her firm. *See Weiss on behalf of A.W. v. Sec'y of Health & Human Servs.*, No. 24-546V, 2025 WL 2304491, at *2 (Fed. Cl. Spec. Mstr. July 9, 2025) (finding that an award of interim fees is warranted "almost wholly in light of counsel's withdrawal" and that there were no "identifiable reasonable basis issues" at this point in the proceeding). Additionally, respondent has not raised any specific objection to doing so and has rather deferred to my discretion. *See* Response.

### B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests hourly rates of $525 for Ms. Haskins and $195 for the paralegals for their work in 2025. *See* Pet. Ex. 57. These rates have been awarded in prior cases. *See, e.g., Calzado v. Sec'y of Health & Human Servs.*, No. 24-1466V, 2025 WL 2642128, at *1 (Fed. Cl. Spec. Mstr. Aug. 15, 2025). Thus, I find them reasonable.

---

[3] The 2015-2025 Fee Schedules can be accessed at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### C. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the billing entries adequately describe the work, and the amount of time spent reasonably corresponds with that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees in the amount requested.

### D. Reasonable Costs

Petitioner requests a total of $7,025.00 in costs on behalf of her expert Dr. Rapoport, who charged at an hourly rate of $500. Pet. Ex. 57 at 9-11. Dr. Rapoport's hourly rate was awarded in the first decision on interim fees in this matter. *See* ECF No. 66. Thus, I again find it reasonable. Additionally, I appreciate counsel's attention to the footnote in the first decision on interim fees addressing Dr. Rapoport's billing. Dr. Rapoport's invoices submitted in the instant motion are sufficiently detailed so as to allow for review of the reasonableness of the time spent; I find that time to be reasonable. Thus, the costs associated with Dr. Rapoport are awarded in full.

### IV. Total Award Summary

Based on the foregoing, petitioners' Motion for Interim Attorneys' Fees and Costs is **GRANTED**. Accordingly, I award a **total of $27,942.50**, representing $20,917.50 in attorneys' fees and $7,025.00 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement**. The clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.